THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN FARRELL, Appellant, *v.* THE BOARD OF POLICE OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, Respondents.

*Board of police of New York — trial before, of policeman for violation of rules — right to have evidence taken before one commissioner.*

Appeal from an order made at Special Term, denying a motion to review the proceedings of the board of police on their return to a *certiorari*, and for a *mandamus* to restore the relator to his position on the force.

The relator sued out a writ of *certiorari* to review the proceedings of the respondents in removing him from the police force.

The charge against the relator was a violation of the rules of discipline adopted by the board of police pursuant to section 41 of chapter 335 of the Laws of 1873, in relation to the city of New York.

The court, at General Term, said : "The question argued, and the one intended to be reviewed by the appeal, was whether the evidence upon the charge against the relator may be taken by a stenographer, in the presence and under the direction of one commissioner, and be submitted to and form the basis of the judgment of the board of commissioners.

"The return to the writ of *certiorari* fails to show that the proceedings present that question. On the contrary, it appears from the record of the proceedings and convictions that the trial was had before the board of police commissioners at a legal meeting for that purpose, and that such board heard the proof and allegations in support of the charge in presence of the relator and found

him guilty of the charge, and ordered and adjudged his removal from the police force. The record further shows the names of the commissioners present, and their notes upon the question of the relator's guilt.

" With such a record of the proceedings and judgment against the relator as the papers upon this appeal present, we do not well see how the question discussed is before the court.

" Under the circumstances, whatever the court might hold in relation to the question discussed would be outside of the case and obiter.

" If the question could be raised upon the papers before us, or it was proper to rule upon the question, we think that the taking of testimony by a stenographer, and the examination of witnesses upon a charge of a violation of a mere rule of discipline by one commissioner in the presence of the person charged with such offence, and the subsequent submission of the evidence so taken by the stenographer to the board, and in the presence of the person charged, and with an opportunity given to him to be heard in relation to the charge and the evidence, would be regular and authorize a judgment thereupon by the board of commissioners.

" We do not think the provisions (section 6 of article 1) of the constitution, nor the case holding that the judge of a criminal court rendering the judgment must hear the case, have any application to the proceedings and judgment in proceedings against members of the police force, for violation of the rules for the discipline of the force.

" The offence charged was not a violation of a law of the State, or such as is or can be tried in a court of justice.

" It was a mere rule for the government and discipline of the police force. The power to adopt such rules was conferred by section 41 of chapter 335 of the Laws of 1873, to regulate the conduct of the members of the force while acting as policemen. The same section also provides that the board may prescribe the manner, time and place of hearing complaints for a violation of the rules of discipline.

" The power to remove a policeman from office upon a conviction of a breach of discipline is given by section 55 of the same chapter.

"The proceedings, trial and judgment were authorized by the sections of the statute referred to, and were in compliance with the rules adopted by the board for the conduct of such trials."

*Roger M. Sherman* and *Louis F. Post,* for the relator.    *William C. Whitney* and *D. J. Dean,* for the respondents.

Opinion by POTTER, J.; DAVIS, P. J., concurred.

Present — DAVIS, P. J., and POTTER, J.

Order affirmed, with costs.